Jtoge Simpson
delivered the opinion of the Court.
This was a suit by petition and summons on a promissory note brought in the Anderson Circuit Court. The defendant filed a plea of payment, with leave to give in evidence any matters of defence, which could have been specially pleaded. Upon the trial, he .offered, in evidence, a copy of an agreement of the parties, to submit certain matters of dispute between them to arbitration, and to perform the award, and a copy of the award made in pursuance of the súbmission, and proved that they were true copies of genuine originals, and that the originals were filed in the Franklin Circuit Court, in a suit there pending between the same parties. These copies were objected to by the plaintiff, but the objection was overruled, and the defendant was permitted to read them as evidence to the jury.
A verdict having been found for the defendant, the Court rendered a judgment thereon in his favor, and overruled the plaintiff’s motion for a new trial. To reverse that judgment, the plaintiff has prosecuted this writ of error.
The testimony shows clearly that the debt sued for in this case, was not taken into consideration by the arbitrators, or embraced in the award. The submission *116 did not include all matters of controversy between the parties, and consequently the award does not preclude a recovery on this demand, which was not passed upon by the arbitrators. If there were any evidence in relation to the payment of the debt, it was of a very doubtful and unsatisfactory character, and it is very questionable whether it ought to be regarded as sufficient to sustain the verdict of the jury. But we shall not decide this point, as the judgment will have to be reversed upon another ground.
Copies of writ-tea agreements of a private na* ture, not required, are only see- and^ina'dmissí bie,_ unless the original are lost or destroyed, in the possession of the opposite par-jurisdiction^ ’of the Court The fact that they are filed in a canse in the Circuit Court of the auihonze°eS the reading of cop-
The statute of Kentucky of ing copies of writing sin \°hi eh be° bound6 ’and which may be filed in the Court in one district, and suit brought upon it in another, to be filed by the plaintiff, and admitted as evidence on the trial provided it be attested by the Clerk where it is filed, does not apply to the facts of this case where the original, the copy of which is offered, is not the foundation of this action.
*116 The general rule is, that the best testimony within the power of the party must be produced. Copies of written agreements of a private nature, not required ° r 1 by law to be recorded, being only secondary evidence, are inadmissible, unless the originals are lost or destroy-e(R or the possession of the opposite party, or bey0nd the jurisdiction of the Court, and the control of J J the party desiring to use them. In this case the orig- . n n , T , , . . . ,, . . inals could have been obtained by the appropriate process) directed to the Clerk of the Franklin Circuit Court. The mere fact that private writings have been filed in r ° one Circuit Court in this State, does not authorize cop- . , . , . , . ,. ,, íes to be used as evidence m a suit pending m another Court. To admit copies, as evidence, in such a case, would be extending the principle, in relation to secondary evidence, further than it yet has been, or the reason of the rule would authorize it to be carried. Indeed, in the majority of cases, such a doctrine would impose upon- the party not requiring the use of the writings, the necessity of having the originals produced, especially where their execution was contested, so that the result would be, that although copies might be relied upon by one party, the originals would be brought forward by the other.
The statute of 1795, (1 Stat. Law, 316,) which authorizes a copy of a bond or other writing, in which tw0 or more persons are jointly bound, and which shall be filed m the Court m one district and suit brought upon it in another, to be filed by the plaintiff, and admitted as evidence upon the trial, provided it be *117 attested by the Clerk of the Court where it was filed, does not sanction the use of the copies offered as evidence in this case. The statute applies alone to the single case specified. In that case, the writing being the foundation of the action, the defendant has knowledge of the intention of the plaintiff to rely upon it, and virtually admits its execution, unless he denies it by an appropriate plea, in which event the statute provides for the production of the original. But when a writing is introduced merely as testimony, the opposite party might not be apprized of its intended use, and if a copy were admissible, an advantage might be obtained by his adversary in consequence of the absence of the original. It seems to us, therefore, that the Court erred in permitting the copies of the agreement of submission and award to be used as evidence upon the trial.
Lindsey for plaintiff; Herndon for defendant.
Wherefore the j udgment is reversed, and cause remanded for a new trial, and further proceedings consistent with this opinion.